IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO.: 20-10712-hcm |
| **Denise Anne DeMartino,** | § | CHAPTER 13 |
| DEBTOR | § § § § § § | |

## OBJECTION TO CHAPTER 13 PLAN (DOCKET No. 2)

Comes now Carvana, LLC, its successors and assigns, (hereinafter "Secured Creditor"), a secured creditor in the above-entitled and numbered case, and files this Objection to Confirmation of Chapter 13 Plan, and in support thereof represents:

1. The above-styled Debtor filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on June 19, 2020.

2. On March 27, 2020, Debtor, Denise Anne DeMartino, executed a Contract in favor of Movant in the original principal amount of $18,368.83 ("Contract").

3. The debt described by the Contract is secured by the 2019 Chevrolet Equinox bearing the VIN: 2GNAXKEV6K6180621 (the "Vehicle"). Furthermore, the Contract indicates that the Vehicle was purchased for personal use.

4. On June 23, 2020, Secured Creditor filed its proof of claim in the bankruptcy identified as claim #1-1 and evidencing a total claim of $17,944.69 and an interest rate of 7.41%.

5. Debtor's Chapter 13 Plan (hereinafter "Plan") as proposed provides for Secured Creditor's claim to be paid at a secured claim with value of $17,768.00 at 0.00% over 60 months with

monthly payments of $522.59 with the remaining $600.00 as unsecured for a total of $18,368.00.

6. Secured Creditor objects to confirmation of the Plan because:

    a. For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor. Pursuant to Section 1325(b)(5), a claim secured by a purchase money security interest in a motor vehicle and incurred within 910 days of the commencement of the bankruptcy case is classified as a 910-day claim. Debtor purchased the Vehicle on March 27, 2020. Debtor filed the Instant Petition on June 19, 2020, less than 910 days after the Vehicle was purchased. The Debtor's Vehicle was purchased for personal use pursuant to the Contract. Secured Creditor objects as the amount of its claim is understated in the plan at only $17,768.00, when at the time of the filing of the bankruptcy, the total claim, as evidenced by Secured Creditor's proof of claim was $17,944.69. As Secured Creditor's claim arose less than 910 days before the Instant Petition was filed, the claim must be paid as fully secured. Therefore, Secured Creditor's Claim is not subject to cram down and Debtor must tender the full balance of the claim to Secured Creditor.

    b. Secured Creditor also objects to the Plan as Debtor's proposed 0.00% interest on the allowed secured claim is not appropriate. The appropriate rate of interest that should be provided in a Chapter 13 plan to compensate the secured creditor for the

delay in receiving payments was addressed in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). A secured creditor who is paid the allowed amount of its claim over time must be paid interest postconfirmation on its allowed secured claim. The standard requires the Debtor to establish the national prime rate, adjusted upward for the risk of nonpayment.

c. Debtor's desire for such a below market rate cannot be supported and cannot be said to provide fair and equitable treatment of secured claims. The proposed interest rate does not adequately compensate Secured Creditor for the risk inherent in the proposed Plan. The rate proposed is unquestionably far below the market rate and inappropriately applies the standard for setting an appropriate rate of interest. The risk of Debtor's default under the Plan is high, requiring a much higher interest rate. Debtor has failed to meet her payment obligations prior to filing the Petition. Consequently, Debtor's proposed Plan cannot be confirmed.

d. The Plan does not provide any adequate protection payments pending plan confirmation to Secured Creditor. If the debt is secured by personal property, the plan payments *must* be sufficient to provide "adequate protection" to the creditor during the period of the plan (i.e., sufficient to cover insurance, depreciation, etc.). 11 USC § 1325(a)(5)(B)(iii)(II).

e. Finally, depending upon the appropriate value and regular monthly payment to be paid to Secured Creditor, Debtor's plan may not be feasible. The court cannot confirm a Chapter 13 plan unless it finds that the debtor will be able to make all the proposed payments and to comply with the plan. In other words, the plan must be "feasible." 11 USC § 1325(a)(6).The debtor must have both the present and the

future ability to make the proposed payments. *In re Street* (BC ND IL 1982) 17 BR 787, 788; see also *In re Pellegrino* (1st Cir. BAP 2010) 423 BR 586, 591—Chapter 13 case dismissed where below-median income debtors had insufficient income over minimum commitment period to make plan payments.

WHEREFORE, PREMISES CONSIDERED, Secured Creditor prays that this Court deny confirmation of the Plan, and grant it such other and further relief at law and in equity as is just.

Dated: June 25, 2020

Respectfully submitted,
GHIDOTTI | BERGER LLP

/s/ Angie M. Marth
Angie M. Marth, Esq. (24046353)
Attorneys and Counselors
600 E. John Carpenter Fwy., Ste. 175
Irving, TX 75062
Ph: (972) 893-3096
Fax: (949) 427-2732
bknotifications@ghidottiberger.com
Attorney for Secured Creditor

## **CERTIFICATE OF SERVICE**

On June 25, 2020, I served the foregoing documents described as Objection to Chapter 13 Plan on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Nicholas M Wajda    nick@recoverylawgroup.com

TRUSTEE
Deborah B. Langehennig    mschoppe@ch13austin.com

US TRUSTEE
US Trustee    ustpregion07.au.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On June 25, 2020, I served the foregoing documents described as Objection to Chapter 13 Plan on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtor<br>Denise Anne DeMartino<br>1705 Suter St.<br>Austin, TX 78748 | Counsel for Debtor<br>Nicholas M Wajda<br>Wajda & Associates, APC<br>5430 Lyndon B Johnson Fwy, Ste. 1200<br>Dallas, TX 75206<br><br>Trustee<br>Deborah B. Langehennig<br>Chapter 13 Trustee<br>6201 Guadalupe St.<br>Austin, TX 78752 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll